```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

JAMES FELTON,                        :
                                     :     Civ. Action No. 17-1471 (RMB)
            Plaintiff,               :
                                     :
       v.                            :
                                     :           **OPINION**
ATLANTIC CITY TASK FORCE             :
OFFICERS in their official,          :
private and individual               :
capacities; JAMES HERBERT,           :
DARRIN LORADY, WILLIAM WARNER,:
and GARY STOWE,                      :
                                     :
            Defendants.              :

**BUMB**, District Judge:

Plaintiff James Felton, a pretrial detainee confined in Atlantic County Justice Facility ("ACJF"), in Atlantic City, New Jersey, filed a civil rights action under 42 U.S.C. § 1983 on March 3, 2017. (Compl., ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("in forma pauperis" or "IFP") under 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-1, and ECF No. 1 at 4.) Plaintiff has filed a properly completed IFP application, establishing his financial eligibility to proceed in forma pauperis, and his application will be granted.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can

be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. DISCUSSION

    A. The Complaint

Plaintiff alleges the following in his Complaint.

> Deprivation of my Due Process and Equal Protection rights guaranteed to me under the Fifth Amendment of the Federal Constitution through racist threats, intimidation and coercion by these officers named in the above complaint while acting under color of state law and outside the bounds of their authority in a malicious prosecution in violation of the Fourth Amendment of the Constitution.

(Compl., ECF No. 1 at 3, ¶IV.) Plaintiff seeks release from custody and money damages. (Id., ¶V.)

    B. Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

3

> laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### 1. Municipal officers in their official capacities

Plaintiff sued the defendants, city task force officers, under § 1983 in their official and individual capacities. Local government officials sued in their official capacities can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or if the constitutional deprivations were the result of a governmental "custom even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-91 and n. 55 (1978).

Plaintiff has not alleged that the actions of the defendants were pursuant to a police or custom of Atlantic City

4

or its government officials. Therefore, Plaintiff has failed to a state a Monell claim against Defendants in their official capacities. The claim will be dismissed without prejudice.

2. Malicious Prosecution

To state a § 1983 claim for malicious prosecution in violation of the Fourth Amendment against defendants in their individual capacities, a plaintiff must allege facts showing:

> (1) the defendants initiated a criminal proceeding;
>
> (2) the criminal proceeding ended in the plaintiff's favor;
>
> (3) the proceeding was initiated without probable cause;
>
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiff failed to allege that the defendants initiated a criminal proceeding against him without probable cause or that the criminal proceeding ended in his favor. Additionally, Plaintiff did not allege how each individual defendant was personally involved in the malicious prosecution. See Iqbal,

5

556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")  Therefore, the Court will dismiss the malicious prosecution claim without prejudice.

      3.   Equal Protection Claim

Because his Complaint arises out of his arrest, the Court construes Plaintiff's equal protection claim as one of selective enforcement.

> To establish a selective-enforcement claim, a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'" Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir.2005) (quoting Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir.1993)).

Dique v. New Jersey State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010).

Here, Plaintiff has not described any similarly situated individuals from whom he was treated differently on the basis of race.  Therefore, the Court will dismiss the selective enforcement claim without prejudice.

      4.   Due Process Claim

"The Supreme Court has noted that, '[w]here a particular Amendment provides an explicit textual source of constitutional

6

protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" Wheeler v. Wheeler, 639 F. App'x 147, 151 (3d Cir. 2016) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994) (internal quotations omitted)). Therefore, "redress for alleged false arrest or malicious prosecution 'cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights' such as the Fourth Amendment" Id. (quoting Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3d Cir. 2000)).

Insofar as the Complaint might be construed to raise a substantive due process claim under the Fourteenth Amendment, the Court dismisses the claim because it is more properly brought as a false arrest or malicious prosecution claim under the Fourth Amendment.

    5. NJCRA claim

Plaintiff alleged Defendants violated his federal constitutional rights by racist threats, intimidation and coercion. These allegations are insufficient to a state a federal claim. Plaintiff, however, may have been trying to assert a claim under the New Jersey Constitution. N.J. Stat. Ann. § 10:6-2(c) states that "a person may bring a civil action under the [NJCRA] in two circumstances: (1) when he's deprived

of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force." See Felicioni v. Admin. Office of Courts, 404 N.J.Super. 382, 400 (N.J. Super. Ct. App. Div. 2008). Although Plaintiff uses the language of the New Jersey statute, his claim is conclusory because he does not allege which of his rights was interfered with and what threats, intimidation or coercion was used against him or by whom. Therefore, this claim will be dismissed without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's IFP application but dismisses the Complaint without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: April 10, 2017